■ CARMEN MILLER, Appellant, v RUSSELL MILLER, Respondent. [759 NYS2d 123] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated March 14, 2002, as granted her motion pursuant to CPLR 3217 (b) for leave to discontinue the action without prejudice to the extent of discontinuing the action "with prejudice to plaintiff's assertion, in any subsequent matrimonial action she institutes based upon any conduct which might have been the basis for an action prior to the date of this decision, of a claim for the inclusion as marital property of any property acquired by defendant on or after October 27, 1999," the date of her amended complaint, and upon condition that she pay the defendant husband $40,000 as his expenses and reasonable attorney's fees incurred after October 27, 1999, in defending the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action for a divorce and ancillary relief was commenced in 1988. However, the defendant husband continued to live in the marital residence, and the action remained inactive until 1999. The plaintiff wife claims that the parties reconciled during that period. The defendant ultimately vacated the marital

residence, and the plaintiff served an amended complaint, verified and dated October 27, 1999.

After discovery, the plaintiff moved pursuant to CPLR 3217 (b) for leave to discontinue the action without prejudice. The Supreme Court granted the motion upon two conditions. The discontinuance was "with prejudice to plaintiff's assertion, in any subsequent matrimonial action she institutes based upon any conduct which might have been the basis for an action prior to the date of this decision, of a claim for the inclusion as marital property of any property acquired by defendant on or after October 27, 1999," the date of her amended complaint, and upon condition that she pay the defendant $40,000 as his expenses and reasonable attorney's fees incurred after October 27, 1999, in defending the action. On appeal, the plaintiff contests the validity of these conditions.

It is undisputed that shortly after the entry of the order appealed from, the plaintiff commenced another matrimonial action. She contends on appeal that any attempt to limit her share of the property to less than "equal division of all of the property" would be inequitable. This contention is without merit.

Domestic Relations Law § 236 (B) (1) (c) provides, in pertinent part, that marital property means "all property acquired by either or both spouses during the marriage and before the * * * commencement of a matrimonial action." This Court has held that, in a case where a prior action for divorce is voluntarily discontinued, marital property should be valued as of the date of the commencement of the prior matrimonial action in the absence of evidence that the "parties reconciled and continued to receive the benefits of the marital relationship" after the prior action was commenced (*Lamba v Lamba*, 266 AD2d 515, 516 [1999]).

In this case, the plaintiff claimed that after the 1988 action was commenced, the parties reconciled until 1999, when the defendant vacated the marital residence and she served her amended complaint. The Supreme Court adopted the October 27, 1999, cut-off date, in recognition that "both parties, in effect, abandoned this action for the period from 1991 to 1999." That determination is consistent with the holding of this Court in *Lamba v Lamba* (*supra*).

Under the circumstances of this case, the award of a reasonable attorney's fee was a provident exercise of discretion (*see Baralan Intl. v Vetrerie Bormioli Ing. Luigi*, 215 AD2d 338 [1995]).

The plaintiff's remaining contentions either are without

merit or need not be addressed in light of our determination. Ritter, J.P., S. Miller, Goldstein and Schmidt, JJ., concur.